Thank you. Good morning and may it please the Court. Jacob Christensen for the Commissioner of Internal Revenue. I'd like to reserve three minutes for rebuttal. The Commissioner determined income tax deficiencies against the Stevens' for the years 2007 and 2009 through 2012. In the Tax Court, the Stevens' did not present any evidence to challenge the adjustments underlying those deficiency determinations, yet the Tax Court held that there were no deficiencies for any of the tax years at issue based on alleged partnership losses that, if valid, a determination that could only be made in a separate TEFRA partnership proceeding would offset the deficiencies determined by the Commissioner. For 2007 and 2012, the Tax Court improperly considered partnership losses that were never claimed on a valid tax return. For the remaining years, 2009 through 2011, the Tax Court erred in failing to apply the situation specifically. If the Tax Court's decision is not reversed or vacated, then the Commissioner's adjustments to the non-partnership items may go uncollectible due to the expiration of the statute of limitations. If I may just begin with... Before you do that, I want to make sure procedurally I understand these concepts and how they fit by saying there had never been, on the 2007-2012 application tax returns, nothing had ever been filed. Correct. When you talk about the partnership, does it file, just like a taxpayer, some sort of informational return to the IRS and identifies all the partners? That is correct, Your Honor. That's what happens? Of Form 1065. And then if the IRS has questions about that, they initiate a proceeding to determine the accuracy or propriety of that application? Yes. They can issue a Notice of Partnership Adjustment under TEFRA, and that would be a partnership proceeding. That initiates the partnership proceeding to challenge all the partners. And then all the partners can be involved in all that kind of stuff. That is right. And they resolve that. And then there's the separate individual, that's the profits and losses from the partnership go down to the individual partners, and they file their regular tax returns. That is correct. And that's where the deficiency is determined at the individual partnership level. That's where the tax liability is imposed. Partnerships don't pay income tax, so all of the partnership items are passed through to the individual partners who must report them on their return and pay tax on those partnership items. And for 07 and 012, nothing was filed? Neither by the partnership or the taxpayers themselves. I just want to make sure I understand just how it works. Under the framework that Congress has established, partnership items must be determined in a partnership proceeding under the Act or TEFRA that are proceedings that are separate from individual deficiency proceedings that determine the partner's individual tax liability. And that division created a problem where the existence of a deficiency depends on whether partnership losses that have been claimed by the taxpayer are valid, which have not yet been determined in a partnership proceeding. And for example, if a taxpayer reports $100,000 of wages, you know, unrelated to a partnership, but also reports on the taxpayer's return $200,000 in losses from partnerships, if the IRS conducts an audit and determines that there are actually $50,000 more of income from pensions, even considering the $100,000 in wages and the $50,000 in pensions, if the $200,000 in claimed partnership losses is valid, then there would be no deficiency. On the other hand, if the $200,000 in partnership losses is ultimately disallowed, then there would be a deficiency, and under the framework under this scenario, and the IRS's adjustment of $50,000 would result in an additional deficiency in addition to the $100,000 wages originally reported by the taxpayer. So in Monroe, faced with this situation, the tax court decided that in determining a deficiency, the court should just ignore all partnership items. That created problems, as explained in the Congress later in the Taxpayer Relief Act of 1997 overruled Monroe, and in effect, the provisions enacted allowed the IRS to return to its previous practice of simply assuming that partnership items reported on the taxpayer's return are correct in a deficiency proceeding. Congress needed to go further, however, because by simply assuming that partnership items are correctly reported on a taxpayer's return, if a taxpayer, like in our example, has reported a large partnership loss that offsets all of the other income, and that loss is subsequently disallowed in a later partnership proceeding, at that point in time, the IRS very well could be time-barred from assessing tax attributable to adjustments to non-partnership items. For example, the $50,000 in pension income, the IRS would no longer, after the conclusion of the partnership proceedings, the IRS could be time-barred by the limitations period from going back and assessing tax on that adjustment. And so the solution was that Congress created a special rule under Section 6234 that would allow the IRS to make adjustments to non-partnership items, and at the conclusion of the subsequent partnership proceeding, those adjustments would need to be taken into account in determining the partner's tax liability. And of course, the taxpayer could challenge those adjustments in the tax court, at which point the tax court could exercise its declaratory judgment jurisdiction to determine whether those adjustments were correct or not. And again, to the non-partnership items. And under 6234, those adjustments must be taken into account at the end of the partnership proceeding when computational adjustments are made. In the absence of Section 6234, the IRS would not be able to make adjustments to non-partnership items if the limitations period had expired. So this is a special rule that allows those adjustments to be made even if the limitations period has run. So in this case, again, the Taxpayer Relief Act of 1997 enacted two provisions that are which is the rule that allows the IRS, and in fact requires the IRS or the court, to assume that partnership items as reported by the taxpayer are correct initially in making a deficiency determination. The statute says that in determining the amount of any deficiency for purposes of this subchapter, adjustments to partnership items shall be made only as a tefra. What happened here is the tax court, well the taxpayers failed to file a return for 2007 or 2012, so they reported no partnership items. They reported no partnership losses for those years. And yet, in determining that there was no deficiency, the tax court considered those alleged partnership items and assumed that they were valid and that they were correct when in fact they had never, the taxpayer had not reported any partnership items. Is Henry Hatton what we should be looking to for this notion that these were not returns? Yes. An unsigned return is not a return under the Internal Revenue Code and has no legal effect, and that is the Henry Hatton case from this court. So by considering the alleged partnership losses that were never claimed on any valid return, the tax court in effect was making an adjustment to the taxpayer's own treatment of partnership items. In other words, if the taxpayer fails to file a return, which is what happened here, then the court must assume that there are no partnership items. And in order to make an adjustment to that, the adjustment can only be made under tefra, in a tefra proceeding. That is what section 6211 paragraph C provides. So the tax court, by considering the alleged partnership items, in determining a deficiency, a partnership item that had never been reported by the taxpayer, was in effect making an adjustment that it was not permitted to make for purposes of determining a deficiency for the 2007 and 2012 years. Now it's my understanding the tax court held, and I could be way off on this because it's thick brush for me, held that 6234, that process wasn't available because there was no filing by the taxpayer for those two years. That's correct. Right, because So, so if you can't use the 6234 process, does that mean that you can't make an adjustment to the partnership losses just get, that are claimed on, which the tax court came to recognize couldn't be recognized, or couldn't properly be recognized? I mean, that's what I was getting to. Okay, if you don't have a return from the taxpayer, you don't have a return from the partnership, how can you come up with a conclusion that taxpayer actually suffered these losses, so has no income? Are you arguing that, that, I mean, is that what you're trying to argue, that they couldn't do that? Yeah, the tax court should not have considered alleged partnership losses that were never claimed on a valid return, and by considering them, the tax court was making an adjustment to what had been reported, or failed to be reported by the taxpayer. Let me, before you jump on, so there was no, the taxpayer also didn't file a tax return for 07, 012. That's right. Is that correct? That is right. How, how could, how could the tax court do anything with respect to those two? It was error for the tax court to consider partnership losses that were never claimed on a valid return, either by the taxpayer or by the partnership, and for that reason. What about non-partnership items, when the taxpayer hadn't even filed a tax return? Yeah, so the commissioner conducted an audit and found that there were non-partnership in, you know, sources of income, and, and issued the notice of deficiency, and so the commissioner's notice of deficiency should have been upheld. I see. But what the tax court did is it said, well, yeah. Yeah, there's that, right, if you don't file a tax return, they can take that, yeah. Yep. So the tax court should have sustained the deficiencies determined by the commissioner for 2007 and 2012. Okay. For the years 2009 to 2011, where the partnership losses were claimed by the taxpayers on a validly signed return, the tax court should have applied and should have held that the oversheltered return provisions of 6234 applied in that situation, because in that situation for all three of these years, the existence of a deficiency depended on the validity of those partnership items. Okay, now I'm going to make you work overtime, I'm afraid, but I need help here, and let me see if I have this understanding correct. The tax court concluded that the return was not going to be affected by partnership losses, but did so by defining partnership losses as losses reported in that year, although no partnership return was filed. There were large NOL, the net operating losses, that were carried, and do I understand correctly that your argument or the government's argument is that those NOL have to be treated as partnership items because they're derived from previous alleged partnership losses? That's exactly right. In other words, the partnership losses that were carried from other years, from prior years, are, under the language of 6234, within the meaning of section 6234A3, a loss from partnership items. In other words, if there would be a deficiency, if there were no net loss from partnership items, then the section applies, the special rule applies, and section 6234 applies. In other words, if the existence of a deficiency depends on the validity of partnership losses... So the government's argument here is that the NOL wasn't recognized as a partnership loss, and it should have been. That's right. It's that simple. The tax court... Well, simple isn't the first word I would grab to apply to this situation, but I appreciate your help. The tax court believed... Let me back up just for a moment. The tax court believed, with respect to the years 2007 and 2012, that the IRS wouldn't be harmed by its ruling. The tax court's belief was based on section 6231, paragraph E1 of the code. As we've argued in our brief, the tax court's interpretation of that provision was mistaken. That provision allows the IRS, after a partnership proceeding, to make adjustments that are attributable to the partnership proceeding, but it does not allow the IRS to adjust non-partnership items after a partnership proceeding. For the IRS to be able to still make adjustments to non-partnership items, section 6234 must apply. So, the IRS would be barred by res judicata from ever assessing the deficiencies determined for 2007 and 2012. And for 2009 through 2011, where the court incorrectly failed to apply the over-sheltered return provisions, the IRS will likely be barred by the statute of the adjustments to non-partnership items that are found in its notices of deficiency after the partnership proceedings that are needed for this case have concluded. So, if the court has no further questions at this time, I'll save the remainder for rebuttal. Well, you're over, but I'll give you a minute or two to respond. Let's hear from the taxpayer. May it please the court. My name is LeVar Taylor. I'm appearing on behalf of the appellees here. I'll start with the question of what is a net loss from partnership items for purposes of 6234A2. That's the issue that Judge Clifton was focused on at the end. As pointed out in the briefs, partnership items are different than affected items. They are mutually exclusive. In fact, in the government's reply brief, they say that, oh, the partnership items affected the net operating loss. Well, if partnership items affect the net operating loss, which is an affected item, net operating losses themselves can't be partnership items. Why not? I mean, if they're derived from previous years' alleged losses on the part of the partnership, why wouldn't they be? Because net operating losses are computed under a formula that's not just the partnership losses that are taken into account in computing net operating loss carryovers. So, net operating loss carryovers are a separate deduction, and each year, case law is well established. But if, let's assume for a moment that there are other things in the net operating loss other than partnership losses, but if partnership losses are part of it, and the partnerships never actually reported those losses, and that hasn't been examined, why is the service required to take the taxpayer's word for it that these are all valid deductions? Well, that's a different question, Your Honor. In this case, that we're required to take the taxpayer's word, they're not, the reason the tax court is required to accept the asserted TEFRA partnership losses is because the code requires that. But the commissioner is not required to, you know, they can challenge the losses. In this case, for both 2007 and 2012, a form 1040 was submitted to the commissioner. They had the numbers. It wasn't signed, though. I understand that, but they had the numbers. The point is, is the commissioner could look at the numbers, and in fact, what happened here was the tax court took those forms 1040, and I won't call them returns, they took those forms 1040 and took them into account moving forward. Right, but the commissioner's argument is that there's no legal effect. They weren't signed. So how do we get around that? You're saying they have the numbers, but they're not signed. Because in a non-filer case, the only way a taxpayer can assert losses or assert deductions is by putting them into issue in the pleadings. So they've never filed a return. So if the taxpayer never files a return, and the IRS comes along and says, we think you owe a million dollars because you had all this income, and the IRS doesn't allow any deductions because they have no evidence of deductions, they have no evidence of losses, then the taxpayer, in filing a petition to challenge the deficiency, has the burden of coming forward and saying, wait, I had these losses. I had losses from Tefra Partnerships, I had deductions on a Schedule C, I had all of these, and by doing that, the taxpayer places that into issue. And it is, while it's not the filing of a return, it's the functional equivalent. But that seems like an end-run around the scheme that Congress had adopted. It's not an end-run for several reasons. First, the IRS has forever, when there's no return file, to assess. So any concerns, there's a footnote in the government's reply brief basically conceding that there's no statute of limitations issue here. None. Well, wait, because there were three years where the taxpayer did file a return. Correct. And that, for 2007, And that's where we're actually talking about the NOLs. Correct. But the tax court said that because of Section 6231E, it's not a problem. Now, I took a look at Section 6231E I'm not inclined to go down that road because it seems to me the tax court's saying, look, this result may seem really wrong, but there are ways for the service to rectify it and get to the right result. And I say to myself as I read that, why would they have to go off on that exploration as to whether, including the timeliness issue, as to whether there's another way to get to that result? Why is it that the tax court is accepting as a given that the number is put down on the returns filed by the taxpayer for three years and not filed for the other two years and never filed by the partnership? Why is that accepted as fact? Well, again, the IRS does not have to accept the returns. Why is that accepted by the tax court as fact? It's not accepted by the tax court as fact except as for purposes of the deficiency. The IRS has a remedy. The remedy is to issue an FPAW to the partnership. And in fact, what could have happened here, very simple solution to this whole problem, and I'm sure if my client wished they had talked to somebody like me a long time ago, very simple solution. When it came time when these reconstituted deficiencies, to use that colloquialism, became apparent, at that point in time the issues that the tax court decided and were dealing with here, they became apparent. And what could have happened is the commissioner could have said, look, this is a problem. We'd like to go to the, ask the judge, we'd like you to stay this, and we're going to give the IRS time to go conduct a partnership audit. And they could go conduct the partnership audit and then issue their FPAW if they don't accept the partnership returns, and then the partnership could have filed a proceeding, and they could have been consolidated. It's not like the commissioner was without a remedy here. They could have done that very easily. Had they done that, we wouldn't be here today. A result I would love, but that's insanity. So my point is what the tax court did below was it said, look, Monroe came out with this result, and Congress said, we don't like this result. And the statutory framework says there must be a return to invoke, filed, to invoke these special procedures that the court invoked for the year 2008. But there was no return. And so the court said, I have to choose. Do we deprive the taxpayer of a prepayment remedy to challenge the partnership losses, which is what Congress intended when they fixed the problem, quote, unquote, on Monroe, or do I say or do something else? And the court below said, I'm going to err on the side of doing what Congress did, said in Monroe. Well, only Congress didn't fix the problem here because there's no return filed. And so I'm having trouble saying, well, we're going to assume that Congress wrote a statute differently than it actually wrote it and disregard what had been the practice before. I don't get that. Why is it that a taxpayer who doesn't file a return and, hence, doesn't qualify for the 60-234 or whatever, still gets the benefit of that even though he never filed a return? And in the end, the tax court winds up accepting the numbers that are offered up, which I don't know that would have to be in the record, but I've never seen anything suggest there's economic reality behind the losses that were asserted. So why is it that the service is required to accept the application of a statute that, on its face, does not apply? Well, there's a difference between what the court, why the IRS would require to accept and what the court did. Again, the IRS. Well, what the court did was apply a statute that doesn't apply. And in saying, well, yeah, but Congress, in writing this statute, meant to overrule Monroe, so we're going to overrule Monroe even though you get into a situation that strikes me as pretty unusual. Oh, this is unusual. There's no question about it. But when Congress passed the statute, they said there must be a return to an order to get the benefit of 60-234. Well, Congress passed a statute that doesn't apply to this. Everybody seems to concede that statute does not apply when the taxpayer hasn't filed. So having the notion, well, Congress fixed this, and if it thought about it, it would have fixed this this way, so I'm going to do it that way. I don't know where that comes from. What the legal support for that is. Well, the legal support says that, first, there's no statute that says a taxpayer must file a return to get the benefit of a TEFRA partnership loss. There's no statute. There's no case. The government doesn't cite one. And the reason the government doesn't cite a statute or a case is because there is no such rule. If the taxpayer files a petition and says, I'm entitled to these deductions, some of which are non-TEFRA, and I'm entitled to these losses, which are TEFRA, okay, admittedly, the statute 6234 doesn't apply. But what the court below said is that, look, I'm going to, because Congress did not want to deprive the taxpayer of their prepayment right to litigate partnership losses, and because the taxpayer did assert partnership losses, and because these losses were on forms that the court took into account. In other words, the court itself dismissed, for lack of jurisdiction, these asserted losses. And so what's happening, if under, you know, your interpretation of the law, the government gets the benefit of the, you know, that gets dismissed, but it's inconsistent. Well, it's not, because why do we assume Congress is so solicitous of making sure we protect the prepayment ability of the taxpayer to challenge for a taxpayer that never filed a return in the first place? I don't really see why Congress is so hell-bent on looking out for the interests of somebody who doesn't file a return. You've already noticed that the limitations period may extend indefinitely. He never did file a return, tried to testify from an unsigned return, and the tax court seemed to accept that. I don't know based on what. But the notion that Congress is looking to protect the interests of the taxpayer who doesn't file a return in the first place, I don't get. And if you can point me to something where the law has been held to be like that elsewhere, I'll listen to it. But I don't understand why she'd assume Congress is trying to carve out a space for a taxpayer who never files a return. Well, Congress has said first, with respect to deficiencies in the first place, the IRS simply can't run out and assess. They have to issue a notice of deficiency. And they did. And they did. And the taxpayer can come in and argue for deductions and place those at issue. Okay? And so the IRS cannot. But the notion that they have to accept, they cannot within that proceeding delve into the partnership purported losses is the part that puzzles me. Why is it Congress is going to carve that space out for the benefit of a taxpayer who never filed a return, for a partnership that never filed a return? I just can't figure out why Congress would do that. Well, I don't think the Court needs to understand why. Well, you're telling us the statute should apply even though the statute by its terms doesn't. So why should we assume the statute applies? Oh, no. I'm not saying that the statute applies. If the statute applies, the tax court below would have issued a declaratory ruling. I'm not saying the statute applies. Well, you're saying it applies in terms of the inability to examine the partnership items. Well, for purposes of the deficiency proceeding only, again, the IRS can issue an FPAW and challenge every single item on that partnership return. And that's what they do, even when a return is filed. If we were to affirm on 07-012, what's the status of taxpayers' individual return and the status of the partnership for those years? Well, the status of the individual return is that, you know, I'm not even sure a taxpayer can go file a return for the two years once the tax court is done, but the government assesses what is owed, okay, and the government is free to go issue an FPAW to the partnership. And all those affected items, the debt operating loss carryovers, what happens is if the government prevails on the FPAW proceedings, those all go away and the government sends my clients a bill. So the government has not lost the ability to send my client a bill for any of the net operating loss carryovers. So those affected items are still in play, but the government has to first issue an FPAW. And that's true of any partnership return. You're almost over your time, but did you have anything you want to say in particular with respect to 08, 09, and 10, 11? 08 is not an issue. 9, 10, and 11. That's right, 9, 10, and 11. Oh, it's not an issue. That's right. I'm sorry. Well, I want to say one thing in general. With respect to, we're talking about deficiencies, and if you go look at the notice of deficiencies, you'll see that there's credits there. So when the government says we're losing money, okay, well, a deficiency is determined without respect to withholding credits, without respect to estimated tax payments. And for every one of these years, there were credits and payments. So the government is not, I haven't sat down and computed this, nor has the government, but the loss is only with respect to the definition of a deficiency. It's not necessarily a loss with respect to a payment, because a deficiency is determined without respect to payments that were made before the issuance of the notice of deficiency. So, and with respect to the later years, again, you have this dichotomy between affected items and partnership items. And if you look at A2, the language in A2, the language in A2 strongly suggests that you silo the partnership items for the year in question. You don't go looking to other years. So that language of A2 talks about partnership losses, you know, partnership losses. And so if, and because of that, the focus is we silo partnership losses. Those are items that affect a person's, a taxpayer's K1, so the 1065. Which we don't have. Understand. But you have the ability, the IRS has the ability to assess these affected items in the future simply by issuing an FPAW and prevailing in the partnership level proceeding. So it's not like the IRS has lost that forever. They haven't. Well, actually, I want to follow up on what Judge Paez was asking about, make you work a little over time, too. We heard or started to hear from the government as to why they have concern about limitations period running. And I sort of cut them off, and maybe I shouldn't have, because I really don't want to have to get into those issues. So let me just put a simple question to you, which is, do you represent on behalf of your client that the limitations periods would not run so these issues could be visited in future proceedings? I certainly can represent this to my clients. The law is very clear on this. If you don't file a return. Well, that's true for two years, but it's not true for 9, 10, and 11. Your client did file a return. I understand. For 7 and 12, I certainly represent it. For the years for which, I'll call it the net loss from partnership items for years. Again, I. Simple yes or no will do. Maybe there's not, but. Well, the short answer is, if this issue comes up, we're going back to the tax court, and the tax court has already said that they can assess. The government's going to win. Okay? That's not. I understand. That's responsive, but it's not what I'm searching for. Well, I understand. You're looking for a stopper. Yeah. So, are you willing to say that, yeah, this isn't a problem, so we don't have to grapple with this? Because if you don't say anything like that, then we're stuck probably with grappling with it. I mean, we'd be stuck grappling with it anyway, but that's, yeah. Telling me that, well, in the end, they're going to win in the tax court isn't quite the same as telling me that none of this is a problem. Well, I will say this. Again, because when you're dealing with what may happen in a. Because what happens is, there's a tougher partnership proceeding. And then there's a decision. And at the end of that decision, there's something called an affected items assessment or a new notice of deficiency is issued. And there's a computation made. That computation can be very tricky.  And so I don't want to be in a position. Is there anything about this case that isn't very tricky? On the week where I had to file my own tax return, for God's sakes? And so what I don't want to be stuck with is saying that I can never challenge that computation down at the end of the day. However, I do think that the tax court got it right in its decision. Well, I'm not asking you to say you can't challenge a computation. I'm asking about a limitations period problem. Right. And that's what the tax court said. The tax court said the limitations is not a problem. Because they can do it through, effectively, they didn't state it quite this way. But what they said was they can do it through an affected items assessment at the end of the TEFRA proceeding. And in that respect, I agree the tax court is correct. For 08, for 9, 10, 11. Correct. The tax court got it right on that point. The government says, again, the government says, oh, we think the tax court is wrong. But we're going back to the tax court in the first instance if we ever get that far. Okay. Thank you, counsel. Thank you. So for the years 2009 through 2011, contrary to what my friend has represented, the tax court actually admitted in its decision that its decision may bar the IRS from assessing tax attributable to non-partnership items. This is page 74 of the record. Tax court's opinion, quote, this was for the 2009 year, the period of limitations may bar the assessment of any additional tax that would result from the disallowance of a deduction for that loss. For 2010, again, this is on page 80 of the record, the period of limitations on assessment provided in section 6501A, however, may bar the assessment of any additional tax that would result from the adjustments of non-partnership items taken into account in respondents' recomputed deficiency. Tax court has admitted. I just want to ask you one question on that. The tax court said may bar. What proceeding would have to ensue where that issue would be teed up and somebody in the tax court would have to decide it? What would have to take place? Well, I guess the IRS would try to make an assessment based on these non-partnership items, issue a notice, you know, for those assessments, and then that notice could be challenged in the tax court and that would come up again, and the defense would be these adjustments are barred by the limitations period. So the problem here for 2009 through 2011 is that the subsequent partnership proceedings, we don't know how long they'll take. They can take years. All the while, the limitations period under 6501 is running on the assessment of non-partnership items. That was the part of the problem that Congress faced and is the reason why Congress enacted Section 6234s so that at the end of a partnership proceeding, where 6234 has been applied and the tax court has issued a declaratory judgment for non-partnership items, those non-partnership items can be taken into account regardless of how far out the partnership proceeding takes and regardless of whether the statute of limitations would otherwise have been barred or would have barred the assessment of tax for those non-partnership items. That's what Section 6234 does. And in failing to apply that section, the IRS is now confronted with the possibility that it's barred from making those assessments which the tax court recognized. For 2007 and 2012, if this court were to affirm the tax court's decision that there are no deficiencies or penalties due for those years, then the IRS would be barred by res judicata. Same claim. It's already been determined. Res judicata would bar the IRS from later arguing that they're contrary to the tax court's ruling that there are, in fact, deficiencies. So while tax returns haven't been filed for those years to start the limitations period running, res judicata would be a bar to a subsequent deficiency proceeding for 2007 and 2011 if the tax court's decision were sustained. And I would just add the last point. The congressional fix to this problem, again, lies in Section 6234, which requires that the taxpayer file a return in order for that provision to apply. The fact that the congressional fix requires a return to be filed strongly indicates that Congress did not intend for courts to consider partnership losses that have never been claimed on a valid return in determining whether a deficiency exists. If there are no other questions, thank you. Thank you, counsel. We appreciate your arguments this morning. And we will submit the case at this time. And that ends our session for today, so thank you all very much.
judges: PAEZ, CLIFTON, THOMAS